UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENNIE WALLACE,<br><br>        Plaintiff,<br><br>    v.<br><br>LOCKHEED MARTIN SERVICES,<br>INC., a foreign corporation,<br><br>        Defendant. | NO. CV-09-5049-EFS<br><br>**ORDER ISSUING TENTATIVE DECISION ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

    Before the Court, without oral argument, is Defendant Lockheed Martin Services, Inc.'s (LMOS) Motion for Protective Order (Ct. Rec. 39), which asks the Court to enter a protective order controlling the designation and handling of confidential documents during the discovery and at trial.  In particular, LMOS asks the Court to treat employee wage, job description, and benefit information as confidential information. Plaintiff Bennie Wallace opposes the motion, contending that the requested protective order is too broad.

    Under Federal Rule of Civil Procedure 26(c)(1),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

ORDER * 1

>     undue burden or expense, including one or more of the following:
>         . . . .
>         (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

The court's protective order must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (quoting *Phillips v. Gen. Motores*, 307 F.3d 1206, 1212 (9th Cir. 2002)). The party seeking the protective order has the burden of 1) making a "particular showing" that good cause supports entry of a protective order and 2) establishing that a "specific prejudice or harm will result if no protective order is granted." *Id.* at 1130-31.

   LMOS has shown that it treats salary and benefit information with confidentiality. LMOS's Document Control Manager Bruce Sullivan testified that LMOS zealously protects and treats as confidential employee salary and benefit information restricting access internally in order to insure privacy.  This approach also reduces the potential that competitors will acquire that information and thereby gain an advantage in the highly competitive world of bidding for multi-million dollar contracts at the Hanford Area site. Both of the reasons meet the need for confidential treatment of LMOS salary and benefit information in this case. *See Peskoff v. Faber*, 230 F.R.D. 25, 33 (D.C. Cir. 2005) (entering an order treating "any financial information of a party or protected person, including tax, salary, or bank account information, that, if disclosed, would prove materially damaging to that party's or person's reputation or invasive of his or her privacy" as confidential).

ORDER ~ 2

1    However, the protective order proposed by LMOS is too broad. The
2 Court will issue a protective order but it will apply only to what is
3 truly at issue here: salary and benefit information.  It will also permit
4 Plaintiff to review such information produced in discovery with her
5 attorney but, aside from a copy of her personnel file, she is not
6 entitled to copies of wage, salary, and benefit information produced in
7 discovery.  Finally, the Court modifies proposed paragraph 11 to require
8 the parties to attempt to reach agreement first and, if unable to reach
9 agreement, then to raise the issue in the Joint Pretrial Order.
10    With the following modifications, the Court sets forth the draft
11 protective order below so that the parties can submit comments no later
12 than July 16, 2010.  After reviewing the submitted comments, the Court
13 will finalize the protective order.

### **DRAFT PROTECTIVE ORDER**

15    The provisions below control the designation and handling of
16 documents and other information relating to salaries and benefits
17 produced during the discovery of this litigation and at trial.

18    Documents either produced in discovery or used at trial that contain
19 information regarding salary and benefits are considered confidential and
20 proprietary.

21    1.   This Protective Order shall govern the designation and handling
22 of these protected documents and other information produced by any party
23 in discovery in this litigation, whether by voluntary production or
24 disclosure or in response to any formal discovery procedure, including
25 designation and handling of nonpublic information of a confidential
26 nature.  This Protective Order does not affect any party's obligations

ORDER ~ 3

under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or Court order. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature.

2. Standard for Protected Documents or Other Information: Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on counsel's good faith belief that the information falls within one of the following two categories of Protected documents:

a. "Confidential Information": any information, testimony, written response to discovery, document, or thing produced in connection with this litigation that is not in the public domain and is reasonably believed by the producing party to contain medical information or information subject to a legally-protected right of privacy.

b. "Attorney's Eyes Only Information": any information, testimony, written response to discovery, document, or thing produced in connection with this litigation that is not in the public domain and is reasonably believed by the producing party to contain salary or benefit information.

3. Protected Documents: Protected document(s) are those documents marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by any party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case. Any person who is required to

produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Order.

    4.   Designating Protected Documents:

        a.   Marking Protected Documents: Protected documents shall be designated as either "Confidential" or "Attorneys Eyes Only" by affixing to them the appropriate legend in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

        b.   Designating Deposition Testimony: Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

        c.   Subsequent Designation: A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked as "CONFIDENTIAL." No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

ORDER * 5

5. Maintaining Designated Protected Documents or Other Protected Information: Any protected document or other protected information must be maintained in a manner reasonably calculated to preserve its confidentiality.

6. Disclosure of Protected Documents or Other Protected Information:

    a. Except as set forth herein or by any subsequent Court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

    b. The parties' counsel shall require all persons, except those referred to in paragraph 6c and 6d, before being given access to any protected document or other information, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

    c. "CONFIDENTIAL" documents or other information may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

        i. Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

        ii. Any copying services hired by counsel to copy documents in bulk;

        iii. The Court or any Court personnel subject to the limitations of paragraph 6 relating to filing of protected documents;

        iv. Any person testifying or attending a deposition;

ORDER * 6

<small>
Case 2:09-cv-05049-EFS    Document 69    Filed 07/06/10
</small>

v. Any person identified as having authored or having previously received the protected document(s);

vi. The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation; and

vii. Former employees or agents.

d. "ATTORNEY'S EYES ONLY" documents and other information may be may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order. Disclosure under this paragraph shall not be deemed to waive any attorney-client privilege or work product immunity that may exist.

i. Counsel of record for the parties, and associate attorneys and paralegals and clerical employees assisting such counsel;

ii. Judges, magistrates, law clerks, and clerical personnel of the Court before which this action is pending when "ATTORNEY'S EYES ONLY" information is filed under seal, consistent with the Court's local rules;

iii. Consultants or experts, who are retained by either of the parties to consult or testify in this case, subject to the conditions set forth in Paragraph 6b, above;

iv. Employees and officers of the party producing the documents or information;

v. Authors or drafters of the documents or information; and

vi. Plaintiff, so long as she is viewing the document with counsel.

ORDER * 7

     e.   This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure.

    7.   Filing of Protected Documents:

     a.   Filing under Seal:  Any party seeking to file documents or other information (including deposition transcripts) previously marked as CONFIDENTIAL or "ATTORNEY'S EYES ONLY" under this Stipulated Motion will take all appropriate steps to obtain a court order sealing such material before publicly filing any documents previously marked as CONFIDENTIAL or "ATTORNEY'S EYES ONLY."  The parties also agree to take all appropriate steps to protect the confidentiality of CONFIDENTIAL or "ATTORNEY'S EYES ONLY" information referenced in the pleadings.

     b.   Failure to File under Seal:  If the filing party fails to file protected documents or information under seal, the producing party or any party claiming confidentiality can write to the filing party requesting that counsel take immediate steps to place the protected document or information under seal.  If the filing party fails to take corrective action within three calendar days of notification, the producing party may move the Court to request that the court place the protected documents or information under seal.  If the filing party was given proper notice, failed to take corrective action, and the producing party successfully intervenes to place the protected documents or information under seal, that producing party will be entitled to the costs and fees associated with filing the motion.

     c.   Consent to File - Documents Not Filed Under Seal:  Any party may file documents marked CONFIDENTIAL or "ATTORNEY'S EYES ONLY"

ORDER * 8

with the court without filing those documents under seal provided that the party, prior to filing such documents, obtains the written consent of the other parties.

8. Producing Party's Use of Protected Documents: Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

9. Disputes as to Confidentiality Designation:

a. Meet and Confer Requirement: If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

b. Protective Order: If the dispute is not resolved through the meet-and-confer process within 15 days of notification of the receiving party's disagreement with the designation, the producing party will have 30 days to move the court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the Court either at one time or in as efficient a manner as possible.

c. Status Pending Resolution of Dispute: Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise.

10. Rights of Parties: This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order

permitting disclosure of any confidential information beyond the terms of this Protective Order.

11. Documents for Trial: Prior to the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits. If the parties cannot reach agreement, they can request that the Court resolve the issue by raising it in their Joint Proposed Pretrial Order. At the producing party's request, any document previously designated confidential must be used at trial only in a clean or redacted copy without any such designation.

12. Upon Case Completion: When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment. If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the Court seeking an order upon good cause shown that documents should not be destroyed or returned. Even if there is no request to return the documents within the 60 days, the protected documents are still subject to the terms of this Protective Order.

13. Commencement: It is ordered that counsel will abide by the terms of this Stipulated Protective Order immediately upon entry of this Order.

ORDER * 10

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter
2  this Order and to provide copies to counsel.
3     **DATED** this   6th   day of July 2010.

S/ Edward F. Shea<br>
EDWARD F. SHEA<br>
United States District Judge

Q:\Civil\2009\5049.prot.order.wpd

ORDER * 11