UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BENNIE WALLACE,

        Plaintiff,

    v.

LOCKHEED MARTIN OPERATIONS
SUPPORT, INC., a foreign
corporation,

        Defendant.

NO. CV-09-5049-EFS

**ORDER GRANTING AND DENYING IN
PART DEFENDANT'S MOTION FOR
PROTECTIVE ORDER**

Before the Court, without oral argument, is Defendant Lockheed Martin Operations Support, Inc.'s (LMOS) Motion for Protective Order (Ct. Rec. 39), which asks the Court to enter a protective order controlling the designation and handling of documents during discovery and at trial. In particular, LMOS asks the Court to treat employee wage, job description, benefit, and performance appraisal information as confidential information, as well as LMOS policies regarding recruitment, equal employment opportunities, harassment, and ethics and business conduct. Plaintiff Bennie Wallace opposes the motion, contending that the requested protective order is too broad. The Court issued a tentative

ORDER * 1

Order on July 6, 2010 (Ct. Rec. 69), limiting the protective order to include medical information, information subject to a legally-protected right of privacy, and salary and benefit information.  In response, LMOS asks the Court to broaden the category of confidential information to include job description information, LMOS policies, and Ms. Wallace's personnel file and training records.  (Ct. Rec. 70.)  Upon review, the Court is fully informed and grants and denies LMOS's motion in part.

Under Federal Rule of Civil Procedure 26(c)(1),

[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
        . . . .
   (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

The court's protective order must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (quoting *Phillips v. Gen. Motores*, 307 F.3d 1206, 1212 (9th Cir. 2002)).  The party seeking the protective order has the burden of 1) making a "particular showing" that good cause supports entry of a protective order  and 2) establishing that a "specific prejudice or harm will result if no protective order is granted." *Id.* at 1130-31.

LMOS maintains that it treats employee salary, benefit, personnel files, job descriptions, and lists and equal employment opportunities, recruitment, harassment-free workplace, and ethics and business conduct policies with confidentiality. LMOS's Document Control Manager Bruce Sullivan testified that LMOS zealously protects and treats as

ORDER * 2

confidential employee salary, benefit, and performance appraisal information by restricting access internally in order to insure privacy. (Ct. Rec. 46-2.) He also testified that job descriptions are stamped "business sensitive." He testified that this approach reduces the potential that competitors will acquire that information and thereby gain an advantage in the highly competitive world of bidding for multi-million dollar contracts at the Hanford Area site. In addition, this approach ensures that employee's privacy rights are protected.

Upon review, the Court modifies its tentative ruling, which encompassed employee salary and benefits, medical information, and information subject to a legally-protected right of privacy, to also include recruitment and ethics and business conduct policies. Public release of employee salary and benefit information and LMOS's recruitment and ethics and business conduct policies would potentially place LMOS at a competitive-bidding disadvantage. *See Peskoff v. Faber*, 230 F.R.D. 25, 33 (D.C. Cir. 2005) (entering an order treating "any financial information of a party or protected person, including tax, salary, or bank account information, that, if disclosed, would prove materially damaging to that party's or person's reputation or invasive of his or her privacy" as confidential). However, the Court finds that public release of LMOS's equal employment opportunity or harassment policies will not place LMOS at a competitive-bidding disadvantage. LMOS is subject to state and federal laws that require it to have such polices, and the Court determines that these LMOS policies need not be treated confidentially. The Court also determines descriptions of job duties and qualifications need not be protected; LMOS itself must disclose such

information when it seeking to hire a new employee. Lastly, although information contained in a personnel file is typically treated as confidential information, Bennie Wallace has initiated this lawsuit claiming that LMOS's failure to promote her was based on gender discrimination; Ms. Wallace has thereby put her performance evaluations and training records at issue. *Cf. Pappas v. Holloway*, 114 Wn.2d 198, 204 (1990) (recognizing that attorney-client privilege is waived if client sues prior attorney for malpractice); RCW 5.60.060(4) (providing that plaintiff who commences an action for personal injury waives the physician-patient privilege ninety days after filing the complaint). Accordingly, for purposes of this lawsuit, such information need not be treated confidentially.

Limiting the protective order as described ensures that it is not too broad, thereby protecting the public's First Amendment right to court information. It also permits Plaintiff to review such information produced in discovery with her attorney but, aside from a copy of her personnel file, she is not entitled to copies of LMOS's salary, benefit, recruitment policies, or ethics and business conduct policies produced in discovery. Finally, the Court modifies proposed paragraph 11 to require the parties to attempt to reach agreement first and, if unable to reach agreement, then to raise the issue in the Joint Pretrial Order.

Accordingly, **IT IS HEREBY ORDERED:** LMOS's Motion for Protective Order **(Ct. Rec. 39)** is **GRANTED AND DENIED IN PART** as follows:

The provisions below control the designation and handling of documents and other information produced during the discovery of this litigation and at trial relating to LMOS employee salaries and benefits,

ORDER * 4

1  medical information, information subject to a legally-protected right of

2  privacy, and LMOS recruitment and ethics and business conduct policies.

3      Documents either produced in discovery or used at trial that contain

4  information regarding any of the above categorizes are considered

5  confidential and proprietary.

6      1.    This Protective Order shall govern the designation and handling

7  of these protected documents and other information produced by any party

8  in discovery in this litigation, whether by voluntary production or

9  disclosure or in response to any formal discovery procedure, including

10 designation and handling of nonpublic information of a confidential

11 nature.   This Protective Order does not affect any party's obligations

12 under the Federal Rules of Civil Procedure to produce documents as

13 required by the rules of discovery or Court order.   The purpose of this

14 Protective Order is to facilitate the handling of nonpublic information

15 of a confidential or proprietary nature.

16     2.    Standard for Protected Documents or Other Information:   Any

17 person who is required to produce documents or information in discovery

18 in this litigation may designate material produced as a protected

19 document(s) pursuant to this Protective Order.   All designations must be

20 based on counsel's good faith belief that the information falls within

21 one of the following two categories of Protected documents:

22         a.    "Confidential Information":   any information, testimony,

23 written response to discovery, document, or thing produced in connection

24 with this litigation that is not in the public domain and is reasonably

25 believed by the producing party to contain LMOS employee salaries and

26 benefits, medical information, information subject to a legally-protected

1  right of privacy, or LMOS recruitment and ethics and business conduct
2  policies.

3      b.   "Attorney's Eyes Only Information": any information,
4  testimony, written response to discovery, document, or thing produced in
5  connection with this litigation that is not in the public domain and is
6  reasonably believed by the producing party to contain employee salary or
7  benefit information.

8    3.  Protected Documents: Protected document(s) are those documents
9  marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by any party.  These
10 documents, referred to hereinafter as "protected documents," will be
11 covered by this Protective Order and will be used only for the purposes
12 of this case, and will not be used by any party or his or her counsel for
13 any purpose unrelated to this case.  Any person who is required to
14 produce documents or information in discovery in this litigation may
15 designate material produced as a protected document(s) pursuant to this
16 Order.

17   4.  Designating Protected Documents:

18      a.   Marking Protected Documents:  Protected documents shall
19 be designated as either "Confidential" or "Attorneys Eyes Only" by
20 affixing to them the appropriate legend in a size and location that makes
21 the designation readily apparent, preferably in the lower right hand
22 corner.

23      b.   Designating Deposition Testimony: Any party or non-party
24 wishing to designate deposition testimony or deposition exhibits as
25 confidential may do so on the record during the deposition, or within 30
26 days after receipt of the deposition transcript and exhibits by providing

ORDER * 6

written notice of the designation to the parties and any other affected person.    The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

       c.    Subsequent Designation:  A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential.    In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked as "CONFIDENTIAL." No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

    5.    Maintaining Designated Protected Documents or Other Protected Information:  Any protected document or other protected information must be maintained in a manner reasonably calculated to preserve its confidentiality.

    6.    Disclosure of Protected Documents or Other Protected Information:

       a.    Except as set forth herein or by any subsequent Court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

       b.    The parties' counsel shall require all persons, except those referred to in paragraph 6c and 6d, before being given access to any protected document or other information, to read and agree to be

ORDER * 7

1  bound by this Protective Order by endorsing the certification attached
2  as Exhibit A.  Counsel shall retain this certification.

3          c.   "CONFIDENTIAL" documents or other information may be
4  delivered, exhibited, or disclosed to the following persons subject to
5  the limitations of this Protective Order:

6              i.   Counsel representing the named parties in this case
7  and any paralegal, clerical, or other employee of such counsel assisting
8  in the prosecution or defense of this litigation;

9              ii.  Any copying services hired by counsel to copy
10 documents in bulk;

11             iii. The Court or any Court personnel subject to the
12 limitations of paragraph 6 relating to filing of protected documents;

13             iv.  Any person testifying or attending a deposition;

14             v.   Any person identified as having authored or having
15 previously received the protected document(s);

16             vi.  The parties and their client representatives,
17 insurance carriers, and/or counsel for their insurance carriers for any
18 purpose in this litigation; and

19             vii. Former employees or agents.

20         d.   "ATTORNEY'S EYES ONLY" documents and other information may
21 be may be delivered, exhibited, or disclosed to the following persons
22 subject to the limitations of this Protective Order.  Disclosure under
23 this paragraph shall not be deemed to waive any attorney-client privilege
24 or work product immunity that may exist.

25             i.   Counsel of record for the parties, and associate
26 attorneys and paralegals and clerical employees assisting such counsel;

ORDER * 8

1          ii.  Judges, magistrates, law clerks, and clerical
2    personnel of the Court before which this action is pending when
3    "ATTORNEY'S EYES ONLY" information is filed under seal, consistent with
4    the Court's local rules;

5          iii. Consultants or experts, who are retained by either
6    of the parties to consult or testify in this case, subject to the
7    conditions set forth in  Paragraph 6b, above;

8          iv.  Employees and officers of the party producing the
9    documents or information;

10         v.   Authors or drafters of the documents or information;
11   and

12         vi.  Plaintiff, so long as she is viewing the document
13              with counsel.

14       e.   This Protective Order does not apply to information
15   obtained by or made available to any such person by means other than the
16   discovery provisions of the Federal Rules of Civil Procedure.

17       7.   Filing of Protected Documents:

18       a.   Filing under Seal:  Any party seeking to file documents
19   or other information (including deposition transcripts) previously marked
20   as CONFIDENTIAL or "ATTORNEY'S EYES ONLY" under this Stipulated Motion
21   will take all appropriate steps to obtain a court order sealing such
22   material before publicly filing any documents previously marked as
23   CONFIDENTIAL or "ATTORNEY'S EYES ONLY."  The parties also agree to take
24   all appropriate steps to protect the confidentiality of CONFIDENTIAL or
25   "ATTORNEY'S EYES ONLY" information referenced in the pleadings.

26

ORDER * 9

1          b.    Failure to File under Seal:  If the filing party fails to

2    file protected documents or information under seal, the producing party

3    or any party claiming confidentiality can write to the filing party

4    requesting that counsel take immediate steps to place the protected

5    document or information under seal.  If the filing party fails to take

6    corrective action within three calendar days of notification, the

7    producing party may move the Court to request that the court place the

8    protected documents or information under seal.  If the filing party was

9    given proper notice, failed to take corrective action, and the producing

10   party successfully intervenes to place the protected documents or

11   information under seal, that producing party will be entitled to the

12   costs and fees associated with filing the motion.

13         c.    Consent to File - Documents Not Filed Under Seal:  Any

14   party may file documents marked CONFIDENTIAL or "ATTORNEY'S EYES ONLY"

15   with the court without filing those documents under seal provided that

16   the party, prior to filing such documents, obtains the written consent

17   of the other parties.

18        8.    Producing Party's Use of Protected Documents:  Nothing in this

19   Protective Order limits a producing party's use of its own documents or

20   documents obtained through means other than discovery requests or

21   subpoenas in this litigation.  Such disclosures shall not affect any

22   confidential designation made under the terms of this Protective Order.

23        9.    Disputes as to Confidentiality Designation:

24        a.    Meet and Confer Requirement:  If, at any time, a party

25   disagrees with the designation of a protected document, the parties must

26   first attempt to resolve the dispute by conferring.

1      b.   Protective Order:  If the dispute is not resolved through

2  the meet-and-confer process within 15 days of notification of the

3  receiving party's disagreement with the designation, the producing party

4  will have 30 days to move the court for protection under the Federal

5  Rules of Civil Procedure.  The parties may, however, agree to extend this

6  period in order to bring any disputes about designations of protected

7  documents to the Court either at one time or in as efficient a manner as

8  possible.

9      c.   Status Pending Resolution of Dispute:  Any disputed

10  document or other material must be treated as a protected document under

11  this Protective Order until entry of a court order ruling otherwise.

12      10.  Rights of Parties:  This Protective Order is without prejudice

13  to the right of any party to apply to the Court for any further

14  protective order relating to any confidential information or for an order

15  permitting disclosure of any confidential information beyond the terms

16  of this Protective Order.

17      11.  Documents for Trial:  Prior to the pretrial conference, the

18  parties must meet and confer to (a) reach an agreement as to the

19  confidentiality of information to be used at trial, and (b) designate

20  documents as trial exhibits.  If the parties cannot reach agreement, they

21  can request that the Court resolve the issue by raising it in their Joint

22  Proposed Pretrial Order.  At the producing party's request, any document

23  previously designated confidential must be used at trial only in a clean

24  or redacted copy without any such designation.

25      12.  Upon Case Completion:  When this action, including entry of

26  judgment or appeal, concludes and within 60 days after the litigation has

ORDER * 11

been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment.  If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the Court seeking an order upon good cause shown that documents should not be destroyed or returned.  Even if there is no request to return the documents within the 60 days, the protected documents are still subject to the terms of this Protective Order.

     13.  Commencement:  It is ordered that counsel will abide by the terms of this Stipulated Protective Order immediately upon entry of this Order.

     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

     **DATED** this   21st   day of July 2010.


                              s/Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge


Q:\Civil\2009\5049.final.prot.order.wpd

ORDER * 12