UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENNIE WALLACE,<br><br>                Plaintiff,<br><br>     v.<br><br>LOCKHEED MARTIN OPERATIONS SUPPORT, INC., a foreign corporation,<br><br>                Defendant. | NO. CV-09-5049-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE, ENTERING JUDGMENT, and CLOSING FILE** |

    Before the Court, without oral argument, are Defendant Lockheed Martin Operations Support, Inc.'s (LMOS) Motion for Summary Judgment (Ct. Rec. 63) and Motion to Strike (Ct. Rec. 85). Plaintiff Bennie Wallace opposes the summary judgment motion, but did not respond to the motion to strike. After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Defendant's summary judgment motion and grants and denies in part the motion to strike.

ORDER ~ 1

**A.   Background**[1]

Ms. Wallace, who is an African-American woman, has worked for LMOS since 1996 in the Data Warehouse Analyst division. Absent a one-year period wherein she worked temporarily as a Data Warehouse Analyst Senior (level 3), Ms. Wallace has worked, and continues to work, as a Data Warehouse Analyst (level 2). During her temporary duty as a level 3 analyst, Ms. Wallace did not receive a pay raise. LMOS has eight level 2 positions and four level 3 positions; all positions are held by women.

In the three years before this lawsuit's filing, LMOS has 1) not promoted any employee from a level 2 to a level 3 position and 2) has posted only one level 3 opening,[2] which was not filled because funding was not secured. Ms. Wallace, however, has expressed an interest in a level 3 position, which pays a higher salary, to her supervisor Bruce Sullivan.

On at least an annual basis, Mr. Sullivan has completed an evaluation of Ms. Wallace's work and has rated her either as a "higher contributor" or, the next lowest category, a "successful contributor."

---

[1] In ruling on the motion for summary judgment, the Court considered the *material* facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion - here, that is Plaintiff. *See Leslie v. Grup ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court did not, however, consider hearsay. The Court created the background section utilizing this standard.

[2] Ms. Wallace was unaware of this posting and did not apply.

ORDER * 2

Mr. Sullivan evaluated Ms. Wallace's work performance without the benefit of observing her capabilities and performance because he is intimidated by her confident and outspoken nature.  He also does not reply or respond to Ms. Wallace's voice mail messages.  Ms. Wallace is qualified for a level 3 position.

Ms. Wallace advised LMOS' Human Resources' director that Mr. Sullivan was treating her unfairly.  No investigation was conducted.  On June 25, 2009, Ms. Wallace filed this lawsuit, alleging gender discrimination based on LMOS' failure to promote her under Washington Law Against Discrimination.

On July 2, 2010, LMOS filed its summary judgment motion.  Ms. Wallace opposes the motion.  Thereafter, LMOS filed a motion to strike Ms. Wallace's submitted evidence for failure to comply with Local Rule 56.1 and federal evidentiary standards.[3]

**B.   Standard**

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once a party has moved for summary judgment, the opposing party must point to

---

[3] The Court finds Ms. Wallace failed to comply with Local Rule 56.1 because the citations to the record did not include page or paragraph numbers, or other direct citations.  Notwithstanding this failure, the Court will not strike these documents; however, the Court will not consider the submitted hearsay statements.  Accordingly, LMOS's Motion to Strike is granted and denied in part.

ORDER ~ 3

specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris,* 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

**C.   Authority and Analysis**

To prevail on her gender discrimination claim under Washington Law Against Discrimination, Ms. Wallace must establish that 1) she is female,

ORDER * 4

2) she applied and was qualified for an available promotion, 3) she was not offered the position, and 4) the promotion went to a male employee. LMOS challenges the second and fourth elements. RCW 49.60.180(3); *Barker v. Advanced Silicon Materials, LLC*, 131 Wn. App. 616, 623-24 (2006).

The Court agrees that Ms. Wallace cannot satisfy the second and fourth elements. Taking the fourth element first, it is undisputed that no promotion went to a male employee. And in fact no promotion was available for either a male or a female—the second element. Accordingly, Ms. Wallace failed to present sufficient evidence to establish a triable issue of fact as to these elements.

Ms. Wallace submits that a) a growth promotion to level 3 was possible and b) Mr. Sullivan engaged in unlawful sexual stereotyping. These arguments are unsupported by the record. There is no evidence that a growth promotion was allowed for any individual in the three years preceding this lawsuit. Nor is there any evidence of funding or the need for a new level 3 position. Ms. Wallace relies upon *Kuest v. Regent Assisted Living, Inc.*, 111 Wn. App. 36 (2002) (allowing child-bearing-age woman to assert a gender discrimination lawsuit even though she was not replaced by a man but by a female of non-child-bearing-age). *Kuest*, however, is distinguishable because there is no evidence here that a promotion was provided, or available, to anyone.

The Court is sympathetic to the frustration and disappointment that is experienced by an employee who believes they are qualified to hold a higher, better-paying position but is not allowed the opportunity to do so. The negative feelings experienced by the employee are heightened when the supervisor fails to communicate with the employee and appreciate

ORDER * 5

the work performed. By granting LMOS summary judgment on Ms. Wallace's gender-discrimination claim, the Court is in no way supporting the claimed lack of employee support.

**D.   Conclusion**

For the above-stated reasons, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 63)** is **GRANTED**.

2. Defendant's Motion to Strike **(Ct. Rec. 85)** is **GRANTED and DENIED IN PART**.

3. All pending deadlines and dates are **DENIED AS MOOT**.

4. **Judgment** is to be entered in Defendant's favor with prejudice.

5. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this   3rd    day of September 2010.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2009\5049.msj.wpd

ORDER * 6